IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

EULOGIO MORA,

        Plaintiff,        Civil Action No.
                                9:17-CV-0780

    v.

P. KIRKPATRICK, *et al.*,

        Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

EULOGIO MORA, *Pro se*
03-A-5105
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN      JOSHUA E. McMAHON, ESQ.
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Eulogio Mora, a former New York State prison inmate, against individuals stationed at the prison facility in which he was confined at the relevant times.

On September 27, 2017, following her review of plaintiff's complaint and the accompanying application to proceed in the action *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §§ 1915(e), 1915A, District Judge Brenda K. Sannes issued a decision and order granting plaintiff's IFP motion and accepting the complaint for filing only with respect to plaintiff's (1) Eighth Amendment excessive force claim asserted against defendant Drolette and (2) First Amendment retaliation claim asserted against defendants Drolette, Devlin, Rabiduo, and Kirkpatrick. Dkt. No. 8. On the same date, the court sent plaintiff a copy of Judge Sannes' decision by regular mail using the address plaintiff provided in his complaint. On October 2, 2017, however, that decision was returned to the court as undeliverable. Dkt. No. 10. Upon receipt of the undeliverable mail, the court consulted a publicly available website maintained by the New York State Department of Corrections and Community Supervision ("DOCCS") and learned that plaintiff was released from prison on parole on August 17, 2017. New York State DOCCS,

http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited Nov. 3, 2017). To date, plaintiff has failed to update his address with the court.

For reasons that should be self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants [to] immediately notify the Court of any change of address." N.D.N.Y.L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, 759 F.2d 19 (table), slip op. at 4 (5th Cir. Mar. 19, 1985); *accord, Dansby v. Albany Cnty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.).[1] Plaintiff was reminded of his obligation to maintain an updated

---

[1] All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

address with the court in Judge Sannes' decision dated September 27, 2017, which specifically advised plaintiff that he is "required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address" and his "failure to do so will result may result in the dismissal of [the] action[.]" Dkt. No. 8 at 20. It appears that, despite this admonition, plaintiff has relocated without notifying the court of the change in his address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A dismissal, however, is a particularly harsh

---

[2] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

4

remedy, especially when invoked against a *pro se* plaintiff. *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *Secs. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in "a fair chance to be heard"; and (5) whether the imposition of sanctions less drastic than dismissal are appropriate. *Baptiste*, 768 F.3d at 216; *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193-94 (2d Cir. 1999); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

  Based upon careful consideration of the foregoing factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. The inability to communicate with plaintiff is due solely to his failure to provide the court with his new address. Plaintiff was placed on notice by Judge Sannes' initial order that his failure to comply with the court's change of address requirement could result in dismissal of his complaint. Dkt. No. 8 at 20. The delay caused by plaintiff's failure to comply with the court's local

rules will undoubtedly prejudice the defendants and has an adverse effect upon the court's interest in managing its docket. In addition, an interest in receiving a fair opportunity to be heard regarding his claims does not seem to be paramount to plaintiff, who, according to publicly available records, has had more than two months to update the court with his new address but he failed to do so. In deciding the appropriate course of action, I have considered, but rejected as inadequate, less drastic sanctions, and I remain doubtful that any notice of such sanctions would even reach plaintiff. For these reasons, I conclude that the relevant factors weigh in favor of dismissal of plaintiff's remaining claim in this action.

Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be DISMISSED for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.[3] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

---

[3]   If you are proceeding *pro se* and are served with this report and

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   November 3, 2017
        Syracuse, New York

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).